**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Stephen M. Bressler** (State Bar No. 009032)
Direct Dial: 602.262.5376
Direct Fax: 602.734.3742
Email: sbressler@lrrc.com
Nicole M. True (State Bar No. 032576)
Direct Dial: 602.262.5389
Email: ntrue@lrrc.com

Attorneys for Provident Life and Accident Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Scott Wood, | No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| Provident Life and Accident Insurance Company, | |
| Defendant. | |

Defendant Provident Life and Accident Insurance Company removes this action from the Superior Court of Arizona, County of Maricopa to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and LRCiv 3.6.

### I. Introduction.

This lawsuit involves a dispute over disability insurance benefits. Specifically, the parties disagree regarding the maximum benefit period. For sicknesses where total disability starts on or after the insured's 61st birthday but before the 62nd birthday, the maximum benefit period is 48 months. For injuries where the total disability starts before the 65th birthday, the benefit period is to life.

Plaintiff submitted a disability claim for lumbar and cervical radiculopathy to Provident in August 2015, when he was age 61. Provident accepted the claim based upon a sickness and is currently paying monthly benefits on that basis. Thus, the maximum benefit period was 48 months and would be reached as of November 16,

101706330_1

2019. Plaintiff contends, however, that his disability is due to an accident when lifting a patient and therefore he should have a lifetime benefit period.

Wood filed suit against Provident in Maricopa County Superior Court, Case No. CV 2017-006351 on June 9, 2017. (*See* Exhibit A, State Court File, Complaint) Provident was served on June 15, 2017. (*See* Exhibit A, State Court File, Affidavit of Service.) Wood alleges two causes of action against Provident: (1) breach of contract, breach of the covenant of good faith and fair dealing, (Complaint ¶¶ 22-29); and (2) insurance bad faith claims handling, (*id.* ¶¶ 30-42.). Pursuant to these claims, Wood seeks to recover: (1) disability insurance benefits, (2) extra-contractual damages, (3) consequential damages, (4) attorneys' fees pursuant to A.R.S. § 12-341.01, and (5) punitive damages. (*Id.* ¶¶ 19, 42, Prayer.) Provident has not yet responded to Wood's Complaint.

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.

## II. This Court Has Jurisdiction Under 28 U.S.C. § 1332.

### A. There Is Diversity of Citizenship.

#### 1. Wood is a Citizen of Arizona

Wood alleges he has been an Arizona resident at all relevant times. (Complaint ¶ 1.)

#### 2. Provident is a Citizen of Tennessee and Maine.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 80-81 (2010) ("'[P]rincipal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."). Provident is a Tennessee corporation that has its principal place of business in Portland, Maine.

**B.     The Amount In Controversy Exceeds $75,000.**

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000, and does not need to provide evidence supporting that allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

1.     Insurance Disability Benefits

The amount in controversy[1] exceeds $75,000.  Plaintiff alleges a repudiation of the contract.  Wood's monthly insurance disability benefit is $14,040.  Regardless of whether Wood intends to seek future benefits in the present suit,[2] the determination he seeks from the Court puts the policy benefits payable to Wood from November 19, 2019 until his death at issue.  These are valued at $1,667,297 in today's dollars (i.e., reduced to net present value).  These allegations alone satisfy Provident's burden to state a "plausible allegation" that the amount in controversy exceeds the jurisdictional minimum.  *See Dart*, 135 S. Ct. at 554.

---

[1] The amount in controversy is "not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Brill v Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.").  Provident expressly reserves the right to deny liability and assert all defenses to Wood's substantive claims, as well as to contest the amount of his alleged damages.

[2] Wood alleges an anticipatory breach of the policy.  (*Id.* ¶ 26.)

Lewis Roca ROTHGERBER CHRISTIE
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

### 2. Attorneys' Fees

Wood also seeks attorneys' fees pursuant to A.R.S. § 12-341.01. (Complaint ¶¶ 20, 29, 42.). Attorneys' fees are included in the amount in controversy when assessing whether the jurisdictional minimum has been met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (including attorneys' fees to calculate the amount in controversy); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant"); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy may include attorneys' fees where recoverable by statute or contract).

If Wood prevails on his claims following a jury trial, it is reasonably likely that he will seek more than $75,000 in attorneys' fees, or at least an amount that combined with other damages exceeds the jurisdictional amount.

### 3. Certificate of Compulsory Arbitration.

Wood also submitted a Certificate of Compulsory Arbitration certifying that the award he seeks, ***excluding*** attorneys' fees, interest, and costs, exceeds $50,000. (*See* Exhibit A, State Court File, Certificate of Compulsory Arbitration) *See* Maricopa County Local Rule 3.10(a) (providing for compulsory arbitration if "the amount in controversy does not exceed $50,000").

### 4. Bad Faith Compensatory and Punitive Damages.

Wood alleges Provident acted in bad faith when it denied his claim and that it "consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to the Plaintiff." (*Id.* ¶¶ 30 -42.) Pursuant to his bad faith claim, Wood seeks to recover compensatory and punitive damages. (*Id.* ¶¶ 19, 39-40, Prayer.) Compensatory and punitive damages count toward the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar . . . cases. . . ."); *Chabner v. United of Omaha Life Ins. Co.*,

225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) ("Punitive damages may [] be included in determining the amount in controversy if they are recoverable under the applicable law."); *Ansley v. Metro. Life. Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (noting that where the plaintiff alleged that MetLife "unfairly and dishonestly" denied her claim for disability benefits and sought damages to "deter such action in the future," the amount of punitive damages at issue was more likely than not "significantly large," as evidenced by other insurance bad faith cases cited by MetLife in the notice of removal).

When determining the amount in controversy, the Court may consider compensatory and punitive damage awards rendered in other, similar cases. *See, e.g.*, *Kroske*, 432 F.3d at 980; *Richmond*, 897 F. Supp. at 450. Because the facts of each case are different, the amount of the verdict rendered in one case is not necessarily indicative of what will or might occur in this case. Moreover, it is difficult to "prove" what will occur in this case without disclosure or discovery about the actual facts of this case. But the case law shows that Arizona juries have awarded significant bad faith and punitive damages in disability cases. *See, e.g.*, *Leavey v. UNUM/Provident Corp.*, No. CIV-02-02281, 2005 WL 3826741 (D. Ariz. Oct. 7, 2005) (jury awarded $809,028 in future benefits; $4 million in past and future medical and pain and suffering, later reduced to $1.2 million; $15 million in punitive damages, later reduced to $3 million); *Ceimo v. Gen. Am. Life Ins. Co.*, No. 2:00-CV-1386 FJM, 2003 WL 25481095 (D. Ariz. Sept. 17, 2003) (jury awarded $1,222,601 in past due benefits and interest, $5,470,000 in compensatory damages, and $79,000,000 in punitive damages, which the court later reduced to $7,000,000); *Greenberg v. Paul Revere Life Ins. Co.*, No. CIV-99-0154, 2001 WL 1940763 (D. Ariz. Dec. 2001) ($550,000 in emotional distress damages and $2,400,000 in punitive damages).

These cases reflect damage awards that exceed $75,000.

5. <u>The Amount in Controversy Exceeds $75,000.</u>

The claimed LTD benefits alone put the amount in controversy over this Court's jurisdictional limit. Wood's certificate of compulsory arbitration establishes that Wood seeks over $50,000, excluding the attorneys' fees he seeks. The potential award of attorneys' fees, compensatory damages, and punitive damages places the amount in controversy well over the jurisdictional line. Provident, therefore, removes this cause based on diversity jurisdiction because all of the information presents a "plausible allegation" that the amount in controversy exceeds $75,000. *See Dart*, 135 S. Ct. at 554.

### III. <u>This Removal Is Timely.</u>

Wood filed this action in Maricopa County Superior Court on June 9, 2017. (*See* Exhibit A, State Court File.) Provident was served on June 15, 2017. (*See* Exhibit A, State Court File, Affidavit of Service.) Thus, this removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days from the date on which Provident was served with the Complaint.

### IV. <u>Provident Has Met All Other Requirements for Removal.</u>

#### A.   <u>A Copy Of The State Court Record Is Attached.</u>

Provident attaches a complete copy of the Maricopa County Superior Court record as Exhibit A (Docket, Affidavit of Service, Summons, Complaint, Certificate of Compulsory Arbitration, Cover Sheet, and Notice of Demand for Jury Trial), and verifies that Exhibit A constitutes a true and complete copy of all pleadings and other documents filed in Maricopa County Superior Court in this matter. *See* Declaration of Nicole M. True, attached as Exhibit B hereto. Provident also attaches as Exhibit C hereto a copy of the Notice of Filing for Notice of Removal which is being filed with the Clerk of the Superior Court in the State of Arizona in and for the County of Maricopa in this matter today.

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

101706330_1                              6

### B. Provident Has Noticed Maricopa County Superior Court Clerk and Wood.

Provident is filing a copy of this Notice of Removal with the Clerk of the Maricopa County Superior Court today pursuant to 28 U.S.C. §1446(d) and Local Rule of Civil Procedure 3.7(a). Provident is also providing Wood with written notice of the filing of this Notice of Removal today through its counsel.

### V. Conclusion.

Provident respectfully requests this Court accept this Notice of Removal, assume jurisdiction of this case, and that all further proceedings be heard in this Court.

DATED this 14th day of July, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Nicole M. True*
Stephen M. Bressler
Nicole M. True
*Attorneys for Provident Life and Accident Insurance Company*

### CERTIFICATE OF SERVICE

I certify that on this 14th day of July, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael N. Poli, mpoli@merlinlawgroup.com

Lawrence R. Moon, lmoon@merlinlawgroup.com

*/s/ Kathleen A. Topczewski*