« Return to search results

### Civil Court Case Information - Case History

## Case Information
**Case Number:** CV2017-006351  **Judge:** Gass, David
**File Date:** 6/9/2017  **Location:** Downtown
**Case Type:** Civil

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Thomas Scott Wood | Plaintiff | Male | Lawrence Moon |
| Provident Life And Accident Insurance Company | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 6/14/2017 | AFS - Affidavit Of Service | 6/19/2017 | |
| | NOTE: PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | | |
| 6/14/2017 | SUM - Summons | 6/16/2017 | |
| 6/9/2017 | COM - Complaint | 6/13/2017 | |
| 6/9/2017 | CCN - Cert Arbitration - Not Subject | 6/13/2017 | |
| 6/9/2017 | CSH - Coversheet | 6/13/2017 | |
| 6/9/2017 | NJT - Not Demand For Jury Trials | 6/13/2017 | |

## Case Calendar
**There are no calendar events on file**

## Judgments
**There are no judgments on file**



Connect with the Court

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLK
BY Barraza DE
Y. BARRAZA, FILED
17 JUN 14 AM 8: 1

Inv. #
118544

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**THOMAS SCOTT WOOD**

Plaintiff / Petitioner,

vs.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY**

Defendant / Respondent.

NO. CV2017-006351
CERTIFICATE OF SERVICE

Geoffrey Roberts                , the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, JURY DEMAND, CIVIL COVER SHEET**

from        Lawrence R. Moon c/o Merlin Law Group, P.A.        on    6/12/17    ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:** **PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, c/o Arizona Department of Insurance**

**DATE & TIME:** 6/12/17 12:05pm
**PLACE & MANNER:** 2910 N. 44TH STREET STE.210 PHOENIX, AZ 85018-7269, which is his/her place of business.
By serving Mary Jordan, Customer Service Representative, a person authorized to accept such service on their behalf, in person.

$15.00 service fee tendered. Description of the Named: Female, Age: 50's, Ht: 5' 6in., Wt: 200, Eyes: brown, Hair: brown, Ethnicity: Cauc.

**Statement of Costs**
| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | **$50.00** |

Affiant - Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

|   |   |
|---|---|
| Michael N. Poli, #006431<br>mpoli@merlinlawgroup.com<br>Lawrence R. Moon, #17000<br>lmoon@merlinlawgroup.com<br>MERLIN LAW GROUP, P.A.<br>2999 North 44th Street, Suite 520<br>Phoenix, Arizona 85018<br>(480) 315-9980 | STATE OF ARIZONA<br>DEPT. OF INSURANCE<br><br>JUN 1 2 2017<br>TIME 12:05P<br>SERVICE OF PROCESS |

Attorneys for Plaintiff

## ARIZONA SUPERIOR COURT

## MARICOPA COUNTY

| | |
|---|---|
| THOMAS SCOTT WOOD,<br><br>    Plaintiff,<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendants. | Case No: CV2017-006351<br><br>SUMMONS<br><br>*If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association* |

IN THE STATE OF ARIZONA TO THE DEFENDANT:

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
c/o Leslie Hess, Arizona Director of Insurance
Arizona Department of Insurance
2910 N. 44th Street, Ste. 210 (2nd Floor)
Phoenix, AZ 85018-7269

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive on the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the

T1655548.DOCX;1

Court. Service by publication is complete 30 days after the date of publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS §20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer of proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. RCP 10(d); ARS §12-311; RCP 5.

REQUESTS FOR REASONABLE ACCOMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

The name and address of Plaintiff's attorney is:

LAWRENCE R. MOON
MERLIN LAW GROUP, P.A.
2999 N. 44th Street, Suite 520
Phoenix, AZ   85018

SIGNED AND SEALED this date: _____

_____
Clerk

COPY

JUN 0 9 2017

MICHAEL K. JEANES, CLERK
E. FLORES
Deputy Clerk   DEPUTY CLERK

T1655548.DOCX;1



JUN 0 9 2017
MICHAEL K. JEANES, CLERK
E. FLORES
DEPUTY CLERK



**MERLIN LAW GROUP, P.A.**
Michael N. Poli (State Bar No. 06431)
MPoli@merlinlawgroup.com
Lawrence R. Moon (State Bar No. 017000)
LMoon@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980
Facsimile: (480) 315-9984
*Attorneys for Plaintiff*

## ARIZONA SUPERIOR COURT

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| THOMAS SCOTT WOOD,<br><br>*Plaintiff,*<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>*Defendant.* | Case No.: CV2017-006351<br><br>**COMPLAINT**<br><br>(Breach of Contract / Tort; Non-motor Vehicle) |

Plaintiff THOMAS SCOTT WOOD ("Plaintiff" or "Wood"), by and through undersigned counsel, for his complaint against Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("Defendant" or "Provident"), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is and at all material times has been a resident of the State of Arizona. At the time the insurance contract at issue in this action was issued to Plaintiff, Plaintiff was a resident of Maricopa County.

2. Defendant is a Tennessee corporation conducting the business of insurance in Maricopa County, Arizona. During the time relevant to this Complaint, Defendant provided Individual Disability Insurance coverage to Plaintiff pursuant to Defendant's Policy Number 06-337-4051790.

3. This Court has jurisdiction over the subject matter of this action and the parties to this action. The amount of damages sought by the Plaintiff exceeds the minimum

jurisdictional amount established for filing in this Court. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

4. During the time relevant to this Complaint, Plaintiff was employed as an anesthesiologist until his injury on August 18, 2015, which is described below.

5. In 1991, Plaintiff purchased long-term individual disability insurance from Defendant pursuant to Defendant's policy number 06-337-4051790 (the "Disability Policy").

6. Plaintiff paid monthly premiums on his Policy, including for supplemental coverages.

7. On August 18, 2015, Plaintiff, in the normal course of his employment as an anesthesiologist, was injured while lifting a patient, causing him significant pain and discomfort, and preventing him from continuing his employment as an anesthesiologist.

8. On August 21, 2015, Plaintiff submitted a claim to Defendant under his Disability Policy, which Defendant assigned the claim number 52-04051790-003 (the "Claim").

9. On January 8, 2016, Plaintiff received correspondence from Defendant, through Unum, Defendant's claim handling affiliate, which stated that certain benefits had been approved effective after the ninety day elimination period that ended on November 15, 2015, pursuant to the terms of the Disability Policy. Unum stated that, after reviewing Plaintiff's medical records, it had determined Plaintiff was "Totally disabled since August 18, 2015."

10. Despite having determined that Plaintiff was totally disabled due to the lifting incident that caused Plaintiff's injury on August 18, 2015, Defendant deemed the cause of Plaintiff's disability to be a "sickness" rather than an "injury" for the purposes of the Disability Policy, thereby limiting the amount of time that Plaintiff is eligible to receive disability benefits under the Disability Policy to the period ending November 16, 2019.

11. Because his disability arose from and was caused by the lifting incident that

occurred on August 18, 2015, Plaintiff's disability was caused by an "injury"; therefore, under the terms of the Disability Policy and applicable law, Plaintiff is entitled to lifetime disability benefits under the Disability Policy.

12. On July 6, 2016, Plaintiff, through his attorney, sent a letter to Unum appealing Defendant's decision to deem the cause of Plaintiff's disability to have been a "sickness," rather than an "injury."

13. On August 31, 2016, Defendant denied Plaintiff's appeal, asserting that its decision regarding the cause of Plaintiff's disability was correct.

14. Defendant, through Unum, rubber-stamped its initial, wrongful claim decision by ignoring evidence submitted by Plaintiff and/or interpreting evidence incorrectly to support its arbitrary and capricious decision to characterize the cause of Plaintiff's disability as an "sickness," rather than an "injury."

15. Defendant's analyses and handling of Plaintiff's Claim was inadequate, unreasonable, and self-serving.

16. Defendant has made an incorrect and unjustified determination as to the type of cause of Plaintiff's disability, which improperly reduces the length of coverage and amount of payments available to Plaintiff under the Disability Policy.

17. Defendant knows or should know that its determination of the cause of Plaintiff's disability as being a "sickness," instead of an "injury," is not justified in light of the nature of the event that caused Plaintiff's disability, namely, Plaintiff's lifting of a patient in the course of his employment as an anesthesiologist.

18. Defendant knows, or should know, that its unreasonable and incompetent evaluation and handling of Plaintiff's Claim is a breach of the duty and obligation of good faith and fair dealing owed to the Plaintiff under the Disability Policy.

19. Defendant's conduct complained of herein was, and continues to be, intentional, willful and wanton, and/or taken in conscious and deliberate disregard of Plaintiff's rights, thus justifying the imposition of punitive damages.

20. Plaintiff has incurred attorneys' fees and costs in connection with this action.

21. Plaintiff demands a jury trial of all claims asserted herein.

## COUNT I

**(Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing)**

22. Plaintiff incorporates the foregoing allegations by this reference.

23. The Disability Policy, like all contracts within the State of Arizona, contains an implied covenant of good faith and fair dealing.

24. Plaintiff fulfilled all of his obligations under the Policy.

25. Defendant failed to perform its obligations pursuant to the insuring agreement (*i.e.*, the Disability Policy). By failing to process Plaintiff's Claim correctly – specifically, by deeming Plaintiff's disability as having been caused by a "sickness," rather than an "injury" – Defendant breached the insuring agreement with Plaintiff (*i.e.*, the Disability Policy), including the implied covenant of good faith and fair dealing in that insuring agreement, thereby depriving Plaintiff of benefits he is to receive under that insuring agreement.

26. Defendant failed to handle Plaintiff's Claim in a reasonable manner and has failed to correctly characterize the cause of Plaintiff's disability for the purposes of the Disability Policy. As described herein, Defendant's conduct constitutes an immediate and/or anticipatory breach of the contract for insurance (*i.e.*, the Disability Policy), including the implied covenant of good faith and fair dealing contained within that contract.

27. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has or will sustain reasonably foreseeable damages in an amount to be proven at trial.

28. An actual controversy exists between the parties regarding whether Plaintiff's disability was caused by an "injury" or a "sickness," for the purpose of the Policy and the benefits to which Plaintiff is entitled under the Policy; therefore, the Court may enter a declaratory judgment regarding that controversy.

29.   Plaintiff is entitled to an award of his attorneys' fees under A.R.S. § 12-341.01.

WHEREFORE, on this claim, Plaintiff requests judgment against Defendant, as follows:

A.   For an order that, for the purpose of the Disability Policy and the benefits to which Plaintiff is entitled to under the Policy, Plaintiff's disability was caused by an "injury," not a "sickness";

B.   For an award of compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

C.   For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the amount of $7,500.00;

D.   For pre- and post-judgment interest;

E.   For taxable costs pursuant to A.R.S. §12-341; and

F.   For such other relief as the Court deems just and proper.

## COUNT II

### (Insurer Bad Faith Claims Handling)

30.   Plaintiff incorporates the foregoing allegations by this reference.

31.   In Arizona, "the tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'" *Zilisch v. State Farm Mutual Auto. Ins. Co.*, 196 Ariz. 234, 995 P.2d 276, 279 20 (2000)(quoting *Noble v. National Am. Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981)). "An insurance contract is not an ordinary commercial bargain; 'implicit in the contract and the relationship is the insurer's obligation to play fairly with its insured.'" *Id.* (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986)). "The insurer has 'some duties of a fiduciary nature,' including '[e]qual consideration, fairness and honesty.'" *Id.* (quoting *Rawlings*, 151 Ariz. at 155, 726 P.2d at 571). "[T]he insurer's eventual performance of the express covenant - by paying the claim - does not release it from liability for 'bad faith.'" *Id.* (citing

*Rawlings*, 151 Ariz. at 156, 726 P.2d at 572). "Thus, if an insurer acts unreasonably in the manner in which it processes a claim, it will be held liable for bad faith 'without regard to its ultimate merits.'" *Id.* (quoting *Deese v. State Farm Mutual Auto. Ins. Co.*, 172 Ariz. 504, 508, 838 P.2d 1265, 1270 (1992)). "The carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim and act promptly in paying a legitimate claim." *Id.* at 21.

32. Plaintiff's Claim is a covered loss under the Disability Policy and Defendant knows or reasonably should know that Plaintiff's disability was caused by an "injury," not a "sickness," as deemed by Defendant.

33. Defendant owed, and continues to owe, duties of good faith and fair dealing to the Plaintiff, duties that are, under Arizona law, fiduciary in nature.

34. In addition, implied and expressed within the Disability Policy are covenants or promises that Defendant will at all times deal in good faith and fairly with its insured, *i.e.*, the Plaintiff.

35. Pursuant to the terms of the Disability Policy, Defendant is obligated to pay Plaintiff the benefits owed for a disability that is caused by an "injury," which includes payments for the remainder of Plaintiff's life, so long as he continues to be disabled.

36. Without any reasonable justification for doing so, Defendant has deemed Plaintiff's disability to have been caused by a "sickness," rather than an "injury," thereby wrongly limiting the period during which Plaintiff is entitled to payments under the Disability Policy to November 2019.

37. As described herein, Defendant breached its contractual and quasi-fiduciary obligations to the Plaintiff. Defendant failed to act reasonably in handling Plaintiff's Claim and has failed to cooperate with Plaintiff's reasonable efforts to obtain payments owed to him under the Disability Policy.

38. Pursuant to the Disability Policy, Defendant owes a duty of good faith and fair dealing to the Plaintiff. Defendant has breached its duty of good faith and fair dealing

to the Plaintiff, both substantively and by bad faith claims handling.

39. As a direct and proximate result of Defendant's acts and omissions, Plaintiff will suffer both contract damages and extra-contractual / consequential damages.

40. Defendant's conduct in this matter has been self-serving to protect its own financial interests, all at the expense of Plaintiff's rights.

41. As described herein, Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to the Plaintiff. Furthermore, Defendant acted to serve its own interests, ignoring its duties to the Plaintiff. As described herein, Plaintiff is entitled to an appropriate award of punitive damages against Defendant.

42. Plaintiff is entitled to an award of his attorneys' fees under A.R.S. § 12-341.01.

WHEREFORE, on this claim, Plaintiff requests judgment against Defendant, as follows:

A. For an order that, for the purpose of the Disability Policy and the benefits to which Plaintiff is entitled to under the Policy, Plaintiff's disability was caused by an "injury," not a "sickness";

B. For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

C. For punitive or exemplary damages in a just and reasonable amount;

D. For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the amount of $7,500.00;

E. For pre- and post-judgment interest;

F. For taxable costs pursuant to A.R.S. §12-341; and

G. For such other relief as the Court deems just and proper.

/ / /

/ / /

DATED this 9th day of June, 2017.

                              MERLIN LAW GROUP, P.A.

                              _____

                              Michael N. Poli
                              Lawrence R. Moon
                              *Attorneys for Plaintiff*

| | |
|---|---|
| 1 | **MERLIN LAW GROUP, P.A.** |
| | Michael N. Poli (State Bar No. 06431) |
| 2 | MPoli@merlinlawgroup.com |
| | Lawrence R. Moon (State Bar No. 017000) |
| 3 | LMoon@merlinlawgroup.com |
| | 2999 North 44th Street, Suite 520 |
| 4 | Phoenix, Arizona 85018 |
| | Telephone: (480) 315-9980 |
| 5 | Facsimile: (480) 315-9984 |
| | *Attorneys for Plaintiff* |

**COPY**

JUN 0 9 2017

MICHAEL K. JEANES, CLERK
E. FLORES
DEPUTY CLERK

### ARIZONA SUPERIOR COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS SCOTT WOOD, | Case No.: CV2017-006351 |
| *Plaintiff,* | |
| vs. | **CERTIFICATE OF COMULSORY ARBITRATION** |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | |
| *Defendant.* | |

The undersigned certifies that the largest award sought by Plaintiff, Thomas Scott Wood, including punitive damages, but excluding interest, attorneys' fees, and costs does exceed the limits set by Local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration. The amount of damages could change with discovery and Plaintiff reserves the right to amend the Certificate.

DATED this 9th day of June, 2017.

MERLIN LAW GROUP, P.A.

By: _____
Michael N. Poli
Lawrence R. Moon
*Attorneys for Plaintiff*

T1667096.DOCX;1                                  1

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

Case Number **CV2017-006351**

Is Interpreter Needed? ☐ Yes ☐ No
If yes, what language: _____

**COPY**

JUN 0 9 2017

MICHAEL K. JEANES, CLERK
E. FLORES
DEPUTY CLERK

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney  Lawrence Moon

Attorney Bar Number  017000

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:
Thomas Scott Wood c/o 2999 N. 44th St., Ste. 520, Phoenix, AZ 85018; 480-319-9980; lmoon@merlinlawgroup.com

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    Provident Life and Accident Insurance Company

(List additional defendants on page two and/or attach a separate sheet)
EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

Case No._____

## 130 CONTRACTS:

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☒ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
            (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

**MERLIN LAW GROUP, P.A.**
Michael N. Poli (State Bar No. 06431)
MPoli@merlinlawgroup.com
Lawrence R. Moon (State Bar No. 017000)
LMoon@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980
Facsimile: (480) 315-9984
*Attorneys for Plaintiff*

COPY

JUN 0 9 2017
MICHAEL K. JEANES, CLERK
E. FLORES
DEPUTY CLERK

## ARIZONA SUPERIOR COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS SCOTT WOOD, | Case No.: **CV2017-006351** |
| *Plaintiff,* | |
| vs. | **JURY DEMAND** |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | |
| *Defendant.* | |

Pursuant to Rule 38, Ariz. R. Civ. P., plaintiff THOMAS SCOTT WOOD hereby demands a trial by jury of all issues triable of right by a jury.

DATED this 9th day of June, 2017.

MERLIN LAW GROUP, P.A.

By: _____
Michael N. Poli
Lawrence R. Moon
*Attorneys for Plaintiff*

T1644722.DOCX;1                                   1