**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Scott Wood,<br><br>    Plaintiff,<br><br>v.<br><br>Provident Life and Accident Insurance Company,<br><br>    Defendant. | No. CV-17-02330-PHX-DGC<br><br>**ORDER** |

Defendant Provident Life and Accident Insurance Company has moved for reconsideration of the Court's order granting partial summary judgment to Plaintiff Thomas Wood. Doc. 80. A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The Court's order concluded that an accidental bodily injury (the "lifting maneuver") caused Plaintiff's disability for purposes of the parties' insurance contract (the "Policy"). Doc. 77 at 10-16. Defendant makes four arguments.

Defendant first contends that the Court's finding of causation "assume[d] that Defendant's position was based solely upon the absence of new lesions." Doc. 80 at 4. This mischaracterizes the Court's decision. The Court evaluated that particular argument when considering whether the lifting maneuver constituted a bodily injury. Doc. 77

at 11. The absence of new lesions played no role in the Court's finding on causation. *Id.* at 14-16.

Defendant next contends that the Court overlooked the opinions of Drs. Beavers, Prince, and Obray that Plaintiff's degenerative disc disease caused his disability, and the lifting maneuver merely exacerbated that condition. Doc. 80 at 6.[1] The Court clearly considered and rejected this argument:

> The Policy contemplates an award of benefits where injury and sickness combine to cause a disability:
>
>> The fact that a disability is caused by more than one Injury or Sickness or from both will not matter. We will pay benefits for the disability which provides the greater benefit.
>
> Doc. 47-2 at 12. Thus, the Policy does not limit benefits to disabilities caused solely and independently by injuries. *Id.*
>
> Defendant contends that Plaintiff's degenerative disc disease caused his disability, and that the lifting maneuver only exacerbated the preexisting condition. *See* Doc. 46 at 14-15. The record may support a finding that the lifting maneuver combined with Plaintiff's degenerative disc disease to cause his disability, but the Policy's language makes this point inconsequential. Even if the disease contributed to Plaintiff's disability, the issue the Court must resolve is whether the lifting maneuver was a cause of Plaintiff's disability.

Doc. 77 at 14-15. After reviewing relevant Arizona case law, the Court concluded:

> Even if the Court accepts Defendant's characterization of the lifting maneuver as an exacerbation of Plaintiff's degenerative disc disease, the maneuver was a contributing cause of Plaintiff's disability. . . . The Court concludes that the lifting maneuver was a cause of Plaintiff's disability when, with his degenerative disc disease, it resulted in a disabling condition.

*Id.* at 16.

---

[1] Defendant offers no specific citations, but appears to rely on opinions described in its statement of facts in support of its motion for summary judgment. Doc. 47 ¶¶ 69, 74, 77, 79.

Defendant neither challenges this interpretation of the Policy nor cites evidence that the lifting maneuver was not an exacerbation. Indeed, Defendant repeatedly characterized the lifting maneuver as an exacerbation. *E.g.*, Doc. 46 at 14-15. As the Court explained, "the undisputed facts demonstrate that Plaintiff's degenerative disc disease was not disabling before the lifting maneuver," and "the record is devoid of any indication that Plaintiff would have become disabled in August 2015 had it not been for the lifting maneuver." Doc. 77 at 16. Defendant's motion does not show that these conclusions were based on manifest error.

Defendant also suggests that the Court overlooked Dr. Sternbergh's opinion (Doc. 80 at 6), a "summary of [which] was included in the parties' summary judgment briefing" (*id.* at 5 n.5). But Defendant cites *Plaintiff's* summary judgment briefing, and the cited record makes no mention of Dr. Sternbergh. *See* Doc. 52-3 at 3. The Court cannot see how this amounts to overlooking Defendant's evidence. In any event, Defendant relies on Dr. Sternbergh's opinion for the proposition that the degenerative disc disease caused his disability, and the lifting maneuver merely exacerbated that condition. *See* Doc. 80 at 6. That argument is unavailing for reasons stated above.

Defendant finally argues that the Court cannot conclude that an accidental bodily injury continues to cause Plaintiff's disability. Doc. 80 at 3. Without citation to any Policy provisions, Defendant contends that the Policy contemplates a monthly reassessment of the cause of Plaintiff's ongoing disability. Doc. 80 at 1-2. Defendant made the following assertion in its motion for summary judgment:

> There is no evidence that the lifting event . . . had any lasting effect on Plaintiff beyond a temporary exacerbation of Plaintiff's already existing conditions. After this temporary exacerbation resolved, only Plaintiff's preexisting conditions remained.

Doc. 46 at 15. This vague and conclusory statement was insufficient to raise the specific issue of contract interpretation Defendant now raises. Defendant never argued that the Court's conclusion must be limited to the first month of Plaintiff's disability. The Court

declines to address this separate issue that could "have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).[2]

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 80) is **denied**.

Dated this 26th day of June, 2018.

_____
David G. Campbell
United States District Judge

---

[2] Defendant makes this assertion in its motion: "It appears that the Court's ruling is that [the lifting maneuver] continues to be an ongoing cause as well." Doc. 80 at 3. The Court's previous order, however, did not specifically address this issue, and the Court does not foreclose Defendant from raising it in the future. Plaintiff, of course, will be free to oppose Defendant's arguments.