**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Scott Wood, | No. CV-17-02330-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Provident Life and Accident Insurance Company, | |
| Defendant. | |

    Plaintiff Thomas Wood alleges that Defendant Provident Life and Accident Insurance Company breached the parties' contract by withholding total disability insurance benefits. Doc. 1-1 at 5-12.[1] The Court previously held that Plaintiff suffered an "accidental bodily injury," rather than a mere sickness, and could qualify for life-long disability benefits if he is totally disabled. Doc. 77. The Court later held that Plaintiff's occupation was clinical anesthesiologist. Doc. 203 at 13. The Court denied summary judgment on whether Plaintiff is totally disabled, finding a question of fact on whether Plaintiff is unable to perform the substantial and material duties of a clinical anesthesiologist. *Id.* at 15.

    The parties disagree on the issues to be resolved at trial. The Court has reviewed their joint memorandum (Doc. 225) and enters the following rulings.

    The Court does not agree with Plaintiff's claim that residual disability benefits are irrelevant and should not be mentioned at trial. Defendant has paid Plaintiff all that would

---

[1] Citations are to page numbers placed at the top of each page by the Court's electronic filing system.

be owed for such benefits because Defendant has continued to pay monthly benefits to Plaintiff under a reservation of rights, and has now paid more than 48 months of such benefits – the total amount available for residual disability. Defendant's position in this case, nonetheless, is that Plaintiff is residually disabled, not permanently disabled. To preclude Defendant from making this argument at trial because the benefits have been fully paid would present the jury with a misleading impression that the only benefits available under the policy are lifetime benefits or no benefits, and that Defendant in effect is asserting that Plaintiff should receive nothing under the policy. The Court has denied summary judgment on question whether Plaintiff is residually disabled (Doc. 77 at 5), and will not preclude Defendant from making that argument at trial.

Plaintiff complains that Defendant has changed its position from its original claim that Plaintiff was disabled by a sickness, rather than by accidental bodily injury, to now asserting residual disability. But as the Court previously noted, Plaintiff has failed to show that Defendant knew or could have known before this litigation that Plaintiff was continuing to perform work as an anesthesiologist. Doc. 77 at 3. Plaintiff is not foreclosed from arguing to the jury that Defendant's change of position shows bad faith, but neither is Defendant foreclosed from arguing that the change occurred because of facts first learned during this case.

Plaintiff argues that the jury should not be told the amount of income he earned after claiming disability. The Court does not agree. The jury will be required to determine whether Plaintiff is permanently or residually disabled within the meaning of the policy, and his post-disability earnings are relevant to that question. The Court cannot conclude that any danger of unfair prejudice would substantially outweigh the relevancy of this evidence (*see* Fed. R. Evid. 403), and Plaintiff may propose a limiting jury instruction and may object at trial if he concludes that his post-disability earnings are being presented in an inaccurate or unduly prejudicial manner.

Finally, the parties disagree on whether any issue of causation remains in the case. Plaintiff argues that the Court held that his injury was caused in part by an accidental bodily

injury and that the issue is therefore settled. Defendant agrees that the Court found accidental bodily injury to be an initial cause of Plaintiff's disability, but asserts that it may litigate whether it is a continuing cause of his disability. This is an issue that was not clearly briefed or decided in connection with the summary judgment rulings, but it was raised by Defendant in a motion for reconsideration. In response, the Court stated:

> Defendant makes this assertion in its motion: "It appears that the Court's ruling is that [the lifting maneuver] continues to be an ongoing cause as well." Doc. 80 at 3. The Court's previous order, however, did not specifically address this issue, and the Court does not foreclose Defendant from raising it in the future. Plaintiff, of course, will be free to oppose Defendant's arguments.

Doc. 83 at 4 n.2.

The Court stands by this ruling. The issue of whether the lifting maneuver continues to be a cause of Plaintiff's disability may be litigated at trial, but the Court will instruct the jury consistent with its construction of the insurance policy: that the injury suffered during the lifting maneuver on August 18, 2015 qualifies as an "accidental bodily injury" within the meaning of the policy (Doc. 77 at 11-14), that the policy authorizes permanent disability benefits when an accidental bodily injury and sickness combine to cause the disability (*id.* at 14-15), and that even if the jury accepts Defendant's assertion that the lifting maneuver exacerbated Plaintiff's degenerative disc disease, the maneuver was a contributing cause of Plaintiff's disability (*id.* at 16). The issue for the jury to decide will be whether the accidental bodily injury suffered at the time of the lifting maneuver continues to be a contributing cause of Plaintiff's disability.[2]

Dated this 8th day of June, 2020.

David G. Campbell
Senior United States District Judge

---

[2] The parties have not briefed whether Defendant is entitled to evaluate causation on an ongoing basis. The parties should address this issue in their proposed jury instructions or in a motion in limine. If the Court concludes that ongoing causation is not an issue Defendant may consider, the issue will not be presented to the jury.