**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Scott Wood, | No. CV-17-02330-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Provident Life and Accident Insurance Company, | |
| Defendant. | |

This case concerns Plaintiff Thomas Wood's allegation that Defendant Provident Life and Accident Insurance Company breached the parties' contract by withholding total disability insurance benefits. Doc. 1-1 at 5-12.[1] The Court previously denied Defendant's motion for summary judgment on Plaintiff's breach of contract and bad faith claims, finding a question of fact on whether Plaintiff is unable to perform the substantial and material duties of a clinical anesthesiologist. Doc. 203 at 15. Defendant has filed a *Daubert* motion challenging Plaintiff's insurance expert. Doc. 213. The motion is fully briefed, and no party requests oral argument. Docs. 219, 223, 231. For reasons stated below, the Court will grant Defendant's motion in part and deny it in part.

**I.   Background Information.**

Defendants' motion concerns Karen Haigh, an insurance agent licensed to sell life and disability insurance in California. Plaintiff disclosed Ms. Haigh as a fact witness three

---

[1] Citations to documents filed in the Court's docket are denoted "Doc.," and pin cites are to page numbers placed at the top of each page by the Court's electronic system.

days after the fact discovery deadline. Shortly thereafter, Plaintiff disclosed her as an expert witness and produced a brief expert report. Doc. 213-2. Although Defendant's motion is not entirely clear, it appears Defendant seeks to preclude her from testifying in any capacity. The only ground for excluding her fact testimony is late disclosure. Defendant seeks to preclude her expert testimony under Rule 702 and *Daubert*.

**II.     Ms. Haigh's Fact Testimony.**

Rule 37(c)(1) provides that a party that fails to disclose information required by Rule 26(a) "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or harmless." The burden is on the party facing the sanction to demonstrate that the failure to comply is substantially justified or harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The fact discovery deadline was Friday, February 8, 2019 (Doc. 85 at 1-2), and Plaintiff disclosed Ms. Haigh as a fact witness three days later on Monday, February 11, 2019 (Doc. 219-1 at 7-8). Plaintiff contends that he "acted in a timely and prompt fashion" and that this late disclosure was harmless. *See* Doc. 219 at 4-8.

Plaintiff asserts that he did not learn of Ms. Haigh as a potential fact witness until January 2019, he conferred with her for a few weeks about her possible expert testimony, and he disclosed her in a reasonably diligent manner. Doc. 219 at 3-4. The Court is not persuaded, however, that the late disclosure was substantially justified. As Defendant notes, and Plaintiff does not refute, Plaintiff learned of Ms. Haigh and a relevant specimen insurance policy in her possession almost a month before she was disclosed. Doc. 223 at 3. Her untimely disclosure was not substantially justified.[2]

Plaintiff also argues that his late disclosure was harmless. The Court agrees. Plaintiff shows that Defendant created the specimen policy Ms. Haigh has produced, and asserts that Defendant had ample time before trial to seek her deposition if it desired. Defendant does not dispute these facts, and does not assert that it has been disadvantaged

---

[2] Nor is the Court persuaded by Plaintiff's argument that he had 30 days to supplement disclosures under the Court's MIDP pilot project. *See* Doc. 219 at 4. This supplementation requirement did not override the Court's express fact discovery deadline.

- 2 -

in some way by the three-day-late disclosure. Because Ms. Haigh's untimely disclosure was harmless, the Court will not preclude her as a fact witness at trial.[3]

### III. Ms. Haigh's Expert Testimony.

Under Rule 702, an expert may offer "scientific, technical, or other specialized knowledge" if it "will assist the trier of fact to understand the evidence," provided the testimony rests on "sufficient facts or data" and "reliable principles and methods," and "the witness has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d). The proponent of expert testimony has the ultimate burden of showing by a preponderance of the evidence that the proposed testimony is admissible. *See Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); Fed. R. Evid. 104(a).

Ms. Haigh is a practicing life insurance agent licensed in California, with more than three decades of experience selling individual disability policies. Doc. 213-2 at 2. She provides three opinions that Defendant seeks to exclude:

- [Plaintiff] reasonably understood that he purchased a policy that covered him as an anesthesiologist and, if disabled, would pay him the full monthly benefit regardless of his ability to work in another profession including other aspects of the medical field (*id.* at 2, ¶ 7);

- [Defendant] ratified [Plaintiff's] understanding of the contract by paying total disability benefits for both the individual policy and the business overhead policy (*id.* at 3, ¶ 13); and

- [Plaintiff] scheduled nurse anesthetists to provide services to Page Hospital which did not represent an additional occupation (*id.* at 3, ¶ 12).

#### A. Plaintiff's Understanding of the Policy.

Ms. Haigh was not the agent who sold Plaintiff the disability policy at issue in this case, and she otherwise has no knowledge regarding the discussions between the insurance

---

[3] Plaintiff has filed a motion for leave to file a surreply, seeking to address Defendant's allegation that Plaintiff's counsel knew of the specimen policy prior to this lawsuit. Doc. 227. The Court will grant the motion and has considered the attached declaration, but does not find it particularly relevant to resolving the issues in this order.

agent and Plaintiff in 1991.  Indeed, Plaintiff cannot recall any specific statements made by the agent who sold him the policy.  Plaintiff nonetheless argues that Ms. Haigh can opine about his understanding of the policy based on her "general expertise in life insurance sales," and that her testimony "will 'assist' the jury in determining whether the manner in which [Defendant] handles Plaintiff's disability claim was reasonable."  Doc. 219 at 1, 9.

But aside from asserting that Ms. Haigh has specialized knowledge regarding Defendant's sales materials, Plaintiff does not explain how she can opine about what Plaintiff "reasonably understood" – that "he purchased a policy that covered him as an anesthesiologist and, if disabled, would pay him the full monthly benefit regardless of his ability to work in another profession including other aspects of the medical field."  Doc. 213-2 at 2, ¶ 7.  This opinions fails Rule 702 in multiple respects.  It is not based on adequate facts – Ms. Haigh does not know what the agent told Plaintiff in 1991; she therefore has not applied reliable principles and methods to accurate facts of the case; and it would not be helpful to the jury as it says little more than the actual language of the policy.  Plaintiff has not carried his burden of showing by a preponderance of the evidence that the requirements of Rule 702 are satisfied with respect to this opinion.  *See Cooper*, 510 F.3d at 942; Fed. R. Evid. 104(a).[4]

**B.    Defendant's Alleged Ratification of Plaintiff's Understanding.**

Defendant argues, correctly, that Ms. Haigh's opinion that Defendant "ratified [Plaintiff's] understanding of the contract by paying total disability benefits for both the individual and the business overhead policy" is an impermissible legal conclusion. Doc. 213 at 8.  Plaintiff does not directly address this argument in response, and appears to rely on an assertion that Ms. Haigh's testimony will "assist" the jury in determining whether the manner in which Defendant handled Plaintiff's claim was reasonable. Doc. 219 at 9.

---

[4] Plaintiff suggests that this opinion should be admissible as a lay opinion under Rule 701.  The Court does not agree.  Plaintiff himself asserts that the opinion is based on Ms. Haigh's "specialized knowledge," which takes it out of the scope of Rule 701.  *See* Fed R. Evid. 701(c).

- 4 -

The Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)) (emphasis in original). Ms. Haigh's frank and unexplained opinion that Defendant "ratified" Plaintiff's understanding of the insurance contract by paying disability benefits is an inadmissible legal conclusion.

### C.   Plaintiff's Scheduling Duties.

Nor does Plaintiff carry his burden of showing by a preponderance of the evidence that the requirements of Rule 702 have been satisfied with respect Ms. Haigh's opinion that Plaintiff "scheduled nurse anesthetists to provide services to Page Hospital which did not represent an additional occupation [because] providing this courtesy to the hospital did not net [Plaintiff] income." Doc. 213-2 at 3, ¶ 12; *See Cooper*, 510 F.3d at 942; Fed. R. Evid. 104(a). Ms. Haigh is a practicing insurance agent in California. Doc. 213-2 at 2, ¶¶ 1-2. She has identified no experience or training in general vocational assessment or the duties required of a clinical anesthesiologist. Plaintiff has not shown that she is qualified to opine on anesthesiology practices at Page Hospital, nurse anesthetists, or what constitutes an additional occupation.

**IT IS ORDERED:**

1. Defendant's motion (Doc. 213) is **granted in part and denied in part**. Ms. Haigh is precluded from testifying about Plaintiff's understanding of the insurance policy, that Defendant ratified that understanding, and that Plaintiff's scheduling duties did not amount to a separate occupation. She is not precluded from testifying as a fact witness.

2. Plaintiff's motion for leave to file a surreply (Doc. 227) is **granted**.

Dated this 29th day of July, 2020.

David G. Campbell
Senior United States District Judge

- 5 -