**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Scott Wood, | No. CV-17-02330-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Provident Life and Accident Insurance Company, | |
| Defendant. | |

The Court held a final pretrial conference yesterday. This order will, in light of the discussion during the conference and additional research, address some issues left open in the Court's ruling on motions in limine. *See* Doc. 282.

**1.  Defendant's MIL 2 (Doc. 246).**

Defendant sought to exclude six categories of documents on the basis of untimely disclosure. The Court deferred decision on the Page Anesthesia tax returns. Plaintiff initially argued that the tax returns became available to him only shortly before they were disclosed on February 25, 2021. During the final pretrial conference, however, Plaintiff's counsel stated that they had reviewed additional files and found that the records were available earlier. Plaintiff conceded that Defendant's motion should be granted with respect to these records.

**2.  Defendant's MIL 3 (Doc. 247).**

Defendant sought to exclude several subjects of Plaintiff's testimony on the basis of untimely disclosure. The Court deferred ruling on the third subject – a statement by the

western region CMO. Plaintiff conceded during the final pretrial conference that Defendant's motion should be granted with respect to this statement.

### 3. Defendant's MIL 4 (Doc. 248).

Defendant sought to preclude Plaintiff from presenting evidence of Defendant's litigation conduct in support of Plaintiff's bad faith claim. The Court resolved Defendant's arguments regarding the untimely disclosure of Plaintiff's positions, and provided some additional discussion on the issue of whether a bad faith claim can be premised on insurer conduct during the course of litigation between the parties.

The Court noted:

> "In Arizona, an insurer's contractual duty of good faith does not terminate when the parties become litigation adversaries. An insurer has continuing claims-handling responsibilities even while coverage litigation proceeds." *Safety Dynamics Inc. v. Gen. Star Indem. Co.*, No. CV-09-00695-TUC-CKJ, 2015 WL 10714048, at *12 (D. Ariz. Feb. 6, 2015) (citation omitted). But there is a difference between a duty of continuing good faith and litigation conduct. "Several out-of-state courts other than those in Arizona have held that the insurer's conduct in the coverage litigation should not be the basis of a bad-faith claim and that the relevant inquiry is the insurer's decisions and actions at the time it made the decision to deny coverage." *Id.* at *11 (citation omitted).

Doc. 282 at 5.

Following the final pretrial conference, the Court reviewed additional case law. The Court found helpful guidance in *Lennar Corp. v. Transamerica Ins. Co*., 256 P.3d 635 (Ariz. Ct. App. 2011). *Lennar* recognized "the principle that in the usual case, an insurer that objects to coverage may not for that reason disregard its claims-handling responsibilities pending resolution of the coverage issue." *Id.* at 642. *Lennar* rejected the proposition that an insurer "has no claims-handling responsibilities while the coverage litigation proceeds," and noted that, "depending on the circumstances, the insurer may have continuing obligations under *Zilisch* in the meantime." *Id.* The *Zilisch* obligations recognized in *Lennar* include the following:

> The carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim, and act promptly in paying a legitimate claim. It should do nothing that jeopardizes the insured's security under the policy. It should not force an insured to go through needless adversarial hoops to achieve its rights under the policy. It cannot lowball claims or delay claims hoping that the insured will settle for less. Equal consideration of the insured requires more than that.

*Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000) (quoted in *Lennar* at 256 P.3d at 639).

Arizona law thus makes clear that Provident Life's good faith obligations did not cease when this litigation commenced. *Lennar* recognizes "that an insured may suffer injury" when the insurer "effectively ignores an obligation to reasonably investigate the claim during the ensuing protracted legal proceedings." *Id.* at 643. The Court also continues to recognize, however, that "the insurer's conduct in the coverage litigation should not be the basis of a bad-faith claim[.]" *Safety Dynamics*, 2015 WL 10714048, at *11. The Court views this latter statement as applying to the manner in which Provident Life's counsel have conducted this litigation. In short, Plaintiff may argue at trial that Provident Life breached the duty of good faith by not conducting an internal investigation of the extent of his disability after the litigation was filed, but may not point to counsel's conduct of the litigation as constituting bad faith. The Court will seek to apply this distinction in its evidentiary rulings during trial.

**4.     Plaintiff's MIL (Doc. 257).**

Plaintiff sought "an order barring Provident from presenting at trial any testimony of a corporate representative . . . regarding any conclusions or determinations made by Provident following the filing of the complaint in this action, to the effect that Plaintiff is either 'residually disabled' or not 'totally disabled' for the purpose of Plaintiff's insurance policy, other than testimony that is consistent with the deposition testimony given by Provident's Rule 30(b)(6) designee regarding that subject, Carolyn Daniels." Doc. 257 at 3. The Court took the motion under advisement and directed the parties to address it at the final pretrial conference.

The conference discussion made clear that Defendant's position has not changed since the testimony of Ms. Daniels – its claims department has not made a residual disability decision, and Defendant instead is awaiting the outcome of this case where Defendant is contending, through counsel, that Plaintiff is residually disabled. Plaintiff will argue at trial that the claims department's failure to continue investigating his claim constitutes bad faith, and Defendant will argue that it does not.

**IT IS ORDERED:**

1. Plaintiff is precluded from presenting the Page Anesthesia tax returns and the statement by the western region CMO.

2. Plaintiff's MIL (Doc. 257) is **granted** to the extent it seeks to preclude Defendant from presenting evidence regarding its internal investigation of Plaintiff's claim that is contrary to the testimony of Ms. Daniels. Defendant is not precluded from arguing that its decision to await the decision of the Court, while continuing to pay benefits to Plaintiff, does not constitute bad faith.

Dated this 19th day of February, 2021.

David G. Campbell
Senior United States District Judge